### RANDOLPH NATIONAL BANK *vs.* HENRY HORNBLOWER & another.

Suffolk.   November 20, 1893. — January 6, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Certified Check — Liability of Drawer.*

If the drawer in his own behalf, or for his own benefit, gets his check certified, and then delivers it to the payee, the drawer is not discharged; and if the payee before delivery requests the drawer to send the check to the bank for him and get it certified, the rule is the same.

CONTRACT, on a check drawn by the defendants to the order of the plaintiff, on the Maverick National Bank of Boston, and delivered to the plaintiff in payment of the defendants' note.

The check was certified by the drawee, and, the defendants contended, under such circumstances as to relieve them from liability.

At the trial in the Superior Court, before *Thompson*, J., it appeared that the check was made and certified on the day of its date, which was Saturday; that the drawee did business on said Saturday, but did not thereafter open its doors, having been closed by the National Bank officials, and that upon due presentment of the check on Monday payment was refused.

The defendants' evidence tended to prove that the plaintiff's president told them that he wanted a certified check, and that they asked him if he would take it to the bank, or would prefer to have them send their boy for him to have it certified; that he requested them to send the boy; and that the boy carried it to the bank, where it was certified, and then took it to the plaintiff's president, who thereupon delivered to him the note.

At the close of the evidence, the judge directed a verdict for the plaintiff for the full amount of the check; and the defendants alleged exceptions.

*E. R. Champlin & C. R. Darling*, for the defendants.

*Asa P. French*, for the plaintiff.

FIELD, C. J.     This case cannot be distinguished from *Minot* v. *Russ*, 156 Mass. 458.          *Exceptions overruled.*