DAVENPORT v. PALMER et al.

(Supreme Court, Appellate Division, Second Department. October 11, 1912.)

1. BILLS AND NOTES (§ 437*)—CHECKS—CERTIFICATION—EFFECT.

If the holder or payee of a check procures its certification, the drawer is released; his contract with the payee being that the latter shall be entitled to payment on presentation of the check to the bank on which it is drawn, and not that the payee may accept the bank's certification in lieu of immediate payment.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1275, 1276, 1279, 1280; Dec. Dig. § 437.*]

2. BANKS AND BANKING (§ 145*)—CHECKS—CERTIFICATION.

Where the payee of a check, instead of insisting on immediate payment, causes it to be certified, he thereby in effect causes the funds to be withdrawn from the control of the maker, and leaves them at the bank for his accommodation; such certification amounting to a certificate of deposit in favor of the payee.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 419–433; Dec. Dig. § 145.*]

3. BANKS AND BANKING (§ 145*)—CHECKS—CERTIFICATION AT DRAWER'S INSTANCE.

Where the drawer of a check procured it to be certified before delivering it to the payee, such certification did not discharge the drawer from liability, but operated merely as an insurance that the check was genuine, and bound the certifying bank to pay it to the drawer.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 419 - 433; Dec. Dig. § 145.*]

4. PAYMENT (§ 21*)—EFFECT—CERTIFIED CHECK.

The agent of a lender of money to be used to take up an existing mortgage requested the mortgagee's agent to state whether he wanted the money in cash or by certified check, to which the latter replied that a certified check would do, whereupon a certified check, payable to the mortgagee, was tendered, to which the mortgagee's agent objected, on the ground that he desired the check payable to his own order, so that he could obtain his fees, whereupon the lender's agent made the check payable to the order of both, and had the change noted on the books of the bank, after which he gave the check to the agent and received satisfaction of the mortgage. Such agent deposited the check within 10 minutes after it was received by him; but the bank on which it was drawn closed the following day, and the check was dishonored when presented for payment. *Held*, that the agent's request for certification of the check did not constitute an election to take the certified check in payment of the debt, and that the delivery thereof did not, therefore, constitute payment.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 86; Dec. Dig. § 21.*]

Burr and Rich, JJ., dissenting.

Appeal from Special Term, Kings County.

Suit by Henry Joralemon Davenport against Mary Ann Elizabeth Palmer and others. From a judgment dismissing the com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaint on the merits after a trial at Special Term, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Clarence F. Corner, of Brooklyn, for appellant.

Richard C. Addy, of Brooklyn, for respondent Palmer.

Charles C. Clark, of New York City, for respondent Mayne.

HIRSCHBERG, J. The action is in equity for the cancellation of a satisfaction piece and for the consequent foreclosure of the real estate mortgage which was satisfied thereby. The defendant Mary Ann Elizabeth Palmer was the owner of certain real estate in the borough of Brooklyn, upon which were two mortgages, the first for $2,200, held by one Lillian B. Barton, and the second for $1,500, held by the defendant John Officer. About the time that the Barton mortgage became due, the defendant Palmer entered into an agreement with the defendant Mary J. Mayne for the loan of $4,000, to be used in paying said two mortgages, and to be secured by a bond and a mortgage on the premises in question. The defendant Mayne gave the $4,000 to one George W. Dalton, and instructed him to pay the mortgages on the Palmer property. Dalton placed the $4,000 in his trustee account in the Union Bank of Brooklyn, and a mortgage for $4,000, covering the property in question, was executed by the defendant Palmer to the defendant Mayne. Thereafter Dalton went to the plaintiff, who was acting as attorney for the mortgagee Barton, and asked the plaintiff if he desired payment of the mortgage in cash or by a certified check. The plaintiff said that a certified check would do. Thereafter Dalton tendered the plaintiff a certified check for the amount due, payable to the order of Lillian B. Barton, and drawn on the Union Bank of Brooklyn. The plaintiff objected to that check, on the ground that he desired the check payable to his order, so that he could obtain his fees, whereupon Dalton made the check payable to the plaintiff's order, as well as to Lillian B. Barton, by interlining the plaintiff's name in the body of the check, and had the change noted on the books of the Union Bank, after which he gave the check to the plaintiff, and received a satisfaction of the Barton bond and mortgage. The plaintiff deposited the check with the Kings County Trust Company within 10 minutes of its receipt by him. The Union Bank of Brooklyn closed the following day, and the check was dishonored when presented for payment.

The plaintiff brought this action as the assignee of Lillian B. Barton to obtain a judgment canceling the satisfaction piece and foreclosing the Barton mortgage. The learned Special Term dismissed the complaint on the merits, on the ground that the addition of the plaintiff's name, as payee, in the check, and the certification of the check, having been done pursuant to the plaintiff's request, released the drawer from liability, and operated as a payment of the mortgage. The judgment appealed from also determines certain other matters, such as the validity of the Mayne

mortgage for $4,000, and the priority of the various mortgages on the property in question; but those matters are dependent upon the soundness of the determination that the certified check was a payment of the Barton mortgage.

[1, 2] I think the learned Special Term erred in holding that there was a final payment of the Barton mortgage, so far as to preclude a court of equity from restoring it under the circumstances. It is well settled, of course, that if the holder or payee of a check procures the certification of the same by the drawee bank, the drawer of the check is released from further liability thereon. The contract between the maker and the payee of the check is that the latter shall be entitled to payment upon presentation of the check to the bank upon which it is drawn, and not that the payee may accept the bank's certification in lieu of immediate payment. When the payee, instead of insisting upon immediate payment, causes the check to be certified, he in effect causes the funds to be withdrawn from the control of the maker, and leaves them with the bank for his own accommodation. Such certification operates substantially as a certificate of deposit in favor of the payee, and the law treats his act in obtaining it as a discharge of the drawer. First Nat. Bank of Jersey City v. Leach, 52 N. Y. 350, 11 Am. Rep. 708; Dunn v. Whalen, 120 App. Div. 729, 105 N. Y. Supp. 588; Negotiable Instruments Law (Laws 1909, c. 43, art. 18 [Consol. Laws 1909, c. 38]) § 324.

[3] Where, however, the drawer causes the check to be certified before delivery, the same reason does not exist for holding him discharged from liability. The certification under such circumstances merely operates as an assurance that the check is genuine and the certifying bank becomes bound with the drawer. First Nat. Bank of Jersey City v. Leach, supra, 52 N. Y. 353, 11 Am. Rep. 708; Minot v. Russ, 156 Mass. 458, 31 N. E. 489, 16 L. R. A. 510, 32 Am. St. Rep. 472; Born v. First Nat'l Bank of Indianapolis, 123 Ind. 78, 24 N. E. 173, 7 L. R. A. 442, 18 Am. St. Rep. 312; Oyster & Fish Co. v. Bank, 51 Ohio St. 106, 36 N. E. 833; Andrews v. German Nat'l Bank, 9 Heisk. (Tenn.) 211, 24 Am. Rep. 300; Bickford v. First Nat. Bank of Chicago, 42 Ill. 238, 89 Am. Dec. 436; Brown v. Leckie, 43 Ill. 497.

[4] In the case at bar, the check was certified prior to its delivery to the plaintiff. I see no reason in principle why the plaintiff's consent to accept a certified check, and his request that the certified check offered be changed, so as to include his name as payee, should operate to change the rule that certification prior to delivery does not release the drawer. Dalton's testimony regarding what was said between him and the plaintiff is given in these words:

"I said: 'How do you want the money? Do you want it in cash, or a certified check?' He said: 'A certified check will do.'"

That was neither a binding tender of cash on behalf of the mortgagee, nor a refusal to accept the same had it been offered. It

merely showed that the plaintiff was willing to take a certified check, and he cannot be presumed to have intended that the acceptance of such a check, certified prior to delivery, should change the usual obligations of the drawer. The subsequent addition of the plaintiff's name as one of the payees in the check before its delivery necessitated only an annotation in the books of the drawee bank, which was made prior to the delivery of the check, and could not in any way lessen the drawer's obligation on the check. There is no finding that the plaintiff ever refused a tender of cash, or insisted upon a certified check, instead of legal tender. His testimony is to the effect that he wanted either cash or a certified check to his order, and the testimony of Dalton does not establish an actual tender of cash, or a statement by the plaintiff that the same would have been refused, if tendered. It is unnecessary, therefore, to consider or to determine what effect, if any, such a tender or refusal might have had upon the relative rights of the parties.

In Randolph Nat. Bank v. Hornblower, 160 Mass. 401, 35 N. E. 850, it was held that the certification of a check by the drawer prior to delivery, even although made at the request of the payee, does not release the drawer; and such is, I think, the proper rule. No case to the contrary has been cited or found. Certainly the reasons for releasing the drawer from liability when the check has been certified by the holder after delivery do not exist in such a case. The purpose of requesting the drawer to have the check certified before delivery is generally that the bank may be made liable thereon as well as the drawer, thereby enabling the payee to more readily negotiate the check. A request by the payee for such a certification should not, therefore, be deemed an election to take the certified check in payment of the debt. It follows that the judgment appealed from should be reversed and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the final award of costs.

JENKS, P. J., and WOODWARD, J., concur.

BURR, J. I dissent. I have no quarrel with the general rule of law as stated in the prevailing opinion, but I think it is not applicable to the undisputed evidence in this case and the findings of the trial court based thereon. Plaintiff could, if he chose, accept Dalton's check, either certified or uncertified, in absolute and final payment and discharge of the Barton mortgage, and, if he did so, his claim must be based upon the check alone. The trial court has found that he did this, and the evidence abundantly sustains it. On the 2d of April, when Dalton called to pay the mortgage, he asked the plaintiff:

" 'How do you want the money? Do you want it in cash or a certified check?' He said: 'A certified check will do.' "

The next day he called, prepared to deliver the check and receive the satisfaction piece of the mortgage. The satisfaction piece was not ready, and plaintiff asked to have the matter postponed until Monday, April 4th. If he had been ready with his satisfaction piece on Saturday, April 2d, the check would undoubtedly have been paid before the failure of the bank upon which it was drawn, and the difficulty which here confronts us would not have arisen. But on the 4th, when Dalton called upon the plaintiff and tendered him the check, drawn to the order of the mortgagee, Lillian B. Barton, and duly certified, plaintiff said:

"That check is of no use to me. I don't want it."

And Dalton then said:

"Very well, I will give you the cash for it. Are you ready with your satisfaction piece?"

And plaintiff replied:

"I don't want that [the cash]. I want it [the check] to my order."

Dalton then said:

"Very well, I will draw it to your order as attorney. Let me have pen and ink."

And he then interlined, over the name of Lillian B. Barton, the words, "Henry J. Davenport, attorney," took the check to the bank, had them note the alteration on the certification book, then returned to plaintiff's office, and gave him the check and received the satisfaction piece of the bond and mortgage.

The reason, as given, why plaintiff did not care to accept a check drawn to the order of Lillian B. Barton only, was that he desired to deduct from the amount received certain claims of his own for fees. But still he could have had the cash and made the deduction, instead of the check, and he refused the former and requested the latter. As appears again from the evidence, when the check was presented to him on the 2d of April, drawn to the order of Lillian B. Barton, he said:

"That is of no use to me, I don't want that."

And Dalton replied:

"Well, I will go and get the money for it."

There is no question that at that time he could have gone to the bank and obtained the money. But the plaintiff refused, and said:

"No; that is not what I want. I want it [the check] drawn to my order."

The fact that Davenport sued Dalton on the check and recovered judgment is conclusive evidence that he accepted the check as full and final payment of the mortgage; otherwise, the check was without consideration, and he could maintain no action upon it. Suing upon the check was a remedy inconsistent with the claim now asserted by the plaintiff, and plaintiff is bound by the election then made.