SULSBERGER & SONS CO. OF AMERICA v. CRAMER.    (No. 322/138.)

(Supreme Court, Appellate Division, Third Department.    November 10, 1915.)

1. BILLS AND NOTES ⟪═⟫404—PRESENTMENT FOR ACCEPTANCE—DILIGENCE—"REASONABLE TIME."

Where a check is payable in the same town in which it is given, as between the drawer and the drawee, it must be presented on the same or the next day in order to be presented within a "reasonable time."

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1091–1099, 1101–1103; Dec. Dig. ⟪═⟫404.

For other definitions, see Words and Phrases, First and Second Series, Reasonable Time.]

2. BILLS AND NOTES ⟪═⟫404—PRESENTATION OF CHECK—REASONABLE TIME.

Defendant gave his check to plaintiff's agent in Elmira on October 29th, and the agent did not send it in to plaintiff's cashier at Binghamton, but held it till his return there on November 1st. When it reached the cashier he had made up his bank account for the day, and the check was not deposited for collection till Monday November 3d. On the 7th it reached the bank in Montour Falls on which it was drawn, but the bank had closed its doors the previous day. Held, that the delay in presentation for payment was not reasonable, and that defendant was discharged.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1091–1099, 1101–1103; Dec. Dig. ⟪═⟫404.]

⟪═⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial Term, Schuyler County.

Action by the Sulsberger & Sons Company of America against Edgar L. Cramer. From a judgment for plaintiff, defendant appeals. Reversed, and judgment for defendant directed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Lewis H. Watkins, of Watkins, for appellant.

George M. Velie, of Watkins (T. B. & L. M. Merchant, of Binghamton, of counsel), for respondent.

JOHN M. KELLOGG, J. The plaintiff's place of business for the country under consideration is Binghamton. Each week it would send to Elmira a car load of meat, and its salesman on Wednesday and Thursday of each week would be there, and the retail dealers from the surrounding country would come to the car and purchase meat. The defendant lived at Montour Falls, and had purchased meats of the plaintiff at Elmira at various times during the preceding two years. On Wednesday, October 29, 1913, about 2:30 p. m., the defendant gave to the plaintiff's agent at Elmira his check upon a bank at Montour Falls for the amount due the plaintiff for meats sold and received the receipted bill therefor. The check was payable to the order of the plaintiff. The agent had no authority to indorse the check. The agent retained the check, carrying it with him to Binghamton Friday night, and on Saturday morning he gave it to the cashier at the plaintiff's office in Binghamton. The bank account having been made up for the day, the check was not put in the bank at Binghamton in course of collection until the following Monday, November 3d. Tuesday, the day following, was a bank holiday. The Binghamton bank sent the check through the New York State National Bank at Albany in the ordinary course of its business, and it was presented to the Montour Falls bank for payment November 7th; that bank having ceased to do business at the close of business hours on November 6th and made an assignment for the benefit of creditors. At all times the defendant had in the bank money sufficient to pay the check if it had been presented.

[1] The question is whether the plaintiff presented the check for payment within a reasonable time after its issue. It is contended by the defendant that the plaintiff was negligent in presenting the check and that the failure of the bank brings the loss upon the plaintiff and not upon him. By section 322 of the Negotiable Instruments Law (Consol. Laws, c. 38):

"A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

Section 4 of the same law provides:

"In determining what is a reasonable time or an unreasonable time regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case."

Ordinarily between drawer and drawee, where a check is payable in the same town in which it is given, it should be presented the day

of its receipt or the next day.  Dehoust v. Lewis, 128 App. Div. 131, 112 N. Y. Supp. 559; Smith v. Miller, 43 N. Y. 171, 3 Am. Rep. 690; Syracuse, Binghamton & New York R. R. Co. v. Collins, 57 N. Y. 641.

[2] By delivering to the plaintiff's agent at Elmira a check payable to the plaintiff's order at a different place, it must have been within the contemplation of the parties that the check, before presentment for payment, would go through the plaintiff's Binghamton office.  The agent was at Elmira Wednesdays and Thursdays of each week.  It must have been the intention that the check would either be mailed to the Binghamton office, or would be taken to the office by the agent upon his return Thursday night or Friday morning.  The check was not put in course of collection until Monday morning, November 3d. If the check had been mailed from Elmira to Binghamton by the plaintiff's representative, or if it had been delivered to the plaintiff's cashier at Binghamton on or before Friday morning, it undoubtedly would have been paid.  It is also evident that if the cashier had put the check in the bank Saturday it would have been paid.  The mere fact that his bank account had been made up furnished no good reason why the check should not have been put in course of collection.  That delay was in itself sufficient to bring about the nonpayment of the check. We conclude that the check was not presented for payment within a reasonable time, and that the plaintiff was negligent in presenting the check, and should therefore bear the loss caused by the delay.

On November 3d the defendant had given to the plaintiff another check upon the Montour bank for a later purchase.  This check went to protest.  Both checks, after protest, were delivered to the defendant.  He paid the later check, but refused to pay the former.  The defendant presented a claim to the assignee of the bank for both checks, and received only a dividend of 10 per cent., for which the defendant acknowledged liability upon the trial.

The judgment should be reversed upon the law and the facts, with costs, and judgment directed for the plaintiff for $14.51, the amount received by the defendant from the assignee, with costs to the defendant.  The court disapproves of the seventh and eighth findings of fact, and finds that the check was not presented for payment by the plaintiff within a reasonable time after its issue, and that the nonpayment of the check was due solely to the negligence of the plaintiff in not presenting the same for payment in due time, and that the loss sustained by the delay was the amount of the check.  All concur.