FRIEDA C. WACHTEL, Appellant, *v.* ZARA B. ROSEN and Another, as Executors, etc., of ARTHUR WACHTEL, Deceased, Respondents.*

First Department, April 27, 1928.

**Bills and notes — checks — action against drawer to recover on check — complaint alleges that check was presented to bank for certification and that certification was refused — complaint is insufficient.**

The complaint in an action to recover from the drawer on a check is insufficient which merely alleges that the check was presented to the bank on which it was drawn for certification and that certification was refused.

The payee of a check has no absolute right to have a check certified and the presentation of a check for that purpose is not a presentation for payment and he cannot maintain an action against the drawer by alleging and proving refusal to certify.

The holder of a check, before he can bring an action against the drawer, must demand payment by the bank within a reasonable time, and if that is refused, he must then demand the amount of the check from the drawer.

MCAVOY and PROSKAUER, JJ., dissent, with opinion.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 7th day of April, 1927.

*George P. Halperin* of counsel [*Daniel Katz* with him on the brief; *Barron, Rice & Rockmore,* attorneys], for the appellant.

*Sidney W. Davidson* of counsel [*William D. H. Stanley* with him on the brief; *Carter, Ledyard & Milburn,* attorneys], for the respondents.

FINCH, J. This was a motion to dismiss the complaint for insufficiency under rule 106 of the Rules of Civil Practice in an action by the holder of a check against the drawer because of failure to allege that the holder had presented the check for payment at the bank upon which it was drawn. In place of such an allegation the plaintiff alleged that the check had been presented for certification, which the bank had refused, and, therefore, the payee sought to hold the drawer of the check. The learned court at Special Term granted the motion to dismiss the complaint and the plaintiff appeals. A majority of this court agree with the holding of the court at Special Term. The question upon this appeal is, therefore, whether the holder of a check may demand as of right a certification from the bank upon which the check is drawn and upon its refusal so to certify, hold liable the maker upon the ground that thereby the check has been dishonored.

The right to certification of a check has never been a part of

* Affg. 129 Misc. 749.— [REP.

the contract between the maker of the check and the payee, at common law. One reason for this is that certification of checks is of comparatively recent origin, and the content of the contract between a maker and payee of a check was settled and clearly defined before the now prevalent practice of certification arose. Certification was unknown when Byles wrote his treatise. Story does not mention it. In 1862, when Parsons wrote his great work, the subject was dealt with very briefly. The modern writers, Bigelow, Morse and Redfield, on the other hand, treat the subject at length. (Daniel Neg. Inst. [6th ed.] § 1602.) In *Farmers & Mechanics' Bank* v. *B. & D. Bank* (28 N. Y. 425) Judge BROWN said in 1863: " I assume that the practice of having the drawee mark and certify upon the face of the check, that it is good for the sum therein expressed, is of recent origin, for I find nothing said of it by the early writers, and but few reported cases where the practice is referred to. It is, however, at the present day a prevalent custom." Mr. Justice SWAYNE, in *Merchants' Bank* v. *State Bank* (10 Wall. 604, 648) said: " The practice of certifying checks has grown out of the business needs of the country," and then he calls attention to the fact that the average daily amount of such checks in use in the city of New York alone, even at the time at which he wrote, was not less than $100,000,000. The comparatively recent origin of the certification of checks appears, therefore, as one of the main reasons why certification is not an attribute of the contract which the holder may enforce. Another equally effective reason lies in the inherent nature of a check. In the ordinary course of business a check is an instrument which does not call for acceptance, but for presentment and immediate payment within a reasonable time. Even a slight delay in presentment for payment of a check by the holder, causing damage to the maker, may discharge the latter. (*Sulsberger & Sons Co.* v. *Cramer,* 170 App. Div. 114; Neg. Inst. Law, § 322.) In Morse on Banks and Banking (5th ed. § 404) it is said: " A check is not an instrument which in the ordinary course of business calls for acceptance. The holder can never claim acceptance as his legal right. He can present for payment, and only for payment." On the other hand, when a certification is had in place of presentment for payment, an instrument is created which may circulate as money. In *Merchants' Bank* v. *State Bank (supra)* it is said: " The object of certifying a check, as regards both parties, is to enable the holder to use it as money. * * * It is available also to him for all the purposes of money. * * * They enable the holder to keep or convey the amount specified with safety." That the nature of the instrument is changed by

certification is recognized also not only by the common law but by the Negotiable Instruments Law in that the drawer is at once discharged by certification.

" In the second place, the holder, by taking a certificate of the check instead of payment, discharges the drawer." (Daniel Neg. Inst. [6th ed.] § 1604. See, also, Neg. Inst. Law, § 324; *Davenport* v. *Palmer*, 152 App. Div. 761.)

While there are few direct decisions on the point, the text book writers are practically unanimous in holding that certification of a check is not a right upon which the holder may insist. In Daniel on Negotiable Instruments (6th ed. p. 1797) it is said: " A check being always payable immediately on demand, the holder can only present it for payment, and the bank can only fulfill its duty to its depositor by paying the amount demanded. In other words, the holder has no right to demand from the bank anything but payment of the check. And the bank has no right, as against the drawer, to do anything else but pay it." (*Oyster & Fish Company* v. *Bank*, 51 Ohio St. 106.)

In Brady on Bank Checks (2d ed. p. 389) it is said: " The holder of a check is entitled to present it for payment only, and the bank on which it is drawn is under an obligation to the drawer to pay it upon presentment. When the check is presented the bank is presumably ready to pay it, provided it is regular and there are sufficient funds on deposit for that purpose. If the holder requests certification instead of payment, he enters into a new contract with the bank, and one which was not within the contemplation of the drawer."

In Morse on Banks and Banking (5th ed. § 404) it is said: " The holder can never claim acceptance as his legal right. He can present for payment, and only for payment." The writer has not been able to find a modern author who does not state the law to the same effect. The courts also have so stated the law in no uncertain terms, although it may fairly be said that this is but dicta. In *Davenport* v. *Palmer* (152 App. Div. 761, 763) it is said: " The contract between the maker and the payee of the check is that the latter shall be entitled to payment upon presentation of the check to the bank upon which it is drawn, and not that the payee may accept the bank's certification in lieu of immediate payment."

In *Bradford* v. *Fox* (39 Barb. 203) Mr. Justice INGRAHAM said: " Presenting a check to be certified is not demanding payment. The bank was under no obligation to certify the check, or to accept it. The instrument did not require acceptance, but payment; and the duty of the holder was not discharged until he demanded payment. * * * For a refusal to pay, under such circumstances,

the drawer would have a right of action against the bank, but not for a refusal to certify."

In *First National Bank of Jersey City* v. *Leach* (52 N. Y. 350) Judge PECKHAM said: " There is no necessity for presenting a check for acceptance, like a time bill, no authority for such presentment, although the holder has the right to do it. The authority and the duty are to present for payment."

Appellant relies upon the fact that the Negotiable Instruments Law defines a check as a bill of exchange drawn on a bank, payable on demand, and makes the provisions applicable to a bill of exchange payable on demand apply also to a check. (Neg. Inst. Law, §§ 321-325.) In answer to this argument and in connection with these provisions, it is clear that the drafters of the Negotiable Instruments Law were thinking more about the form of the check than the attributes of the contract between the drawer of the check and the payee. That the contract which arises through an acceptance by a drawee of a bill of exchange and the certification by a bank of a check are different, is seen by no less a circumstance than in the case of a bill of exchange the drawer is not discharged by acceptance, whereas in the case of a check a certification immediately discharges the drawer and all present indorsers, in accordance with the authorities previously quoted. In Daniel on Negotiable Instruments (6th ed. p. 1798) the learned author well says: " Such in brief is the effect of the certification of a check. It has been said to be, and obviously is, ' equivalent to acceptance ' in respect to the obligation it creates upon a bank; but it would be confounding terms to regard it as altogether the same thing in its effect upon the relation of the parties." Moreover, the Negotiable Instruments Law itself shows that the certification of a check is not the equivalent of the acceptance of a bill of exchange. As already noted, the certification of a check releases the drawer and present indorsers. In fact it has been held that the act of a holder of a check, in having it certified, releases the drawer and present indorsers, notwithstanding that the check is subsequently presented for payment, payment refused, and notice of dishonor given within the time required by law. (Brady Bank Checks [2d ed.], 389; *First Nat. Bank* v. *Currie*, 147 Mich. 72.) If it is deemed wise to make certification a part of the contract between the drawer and payee of checks, the better course would seem to be to cause such obligation to be created by legislation, at which time the rights of all parties could be adequately protected.

It follows that the holder of the check had no legal right as against the drawer thereof to demand certification of the bank and, when certification was refused, to hold the drawer of the check

liable. The legal duty of the holder was to demand payment of the bank within a reasonable time and, if that was refused, then to demand the sum of the drawer.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements to the respondents, with leave to the plaintiff to serve an amended complaint within ten days from service of the order to be entered hereon, upon payment of said costs and ten dollars costs of motion at Special Term.

DOWLING, P. J., and MERRELL, J., concur; MCAVOY and PROSKAUER, JJ., dissent.

MCAVOY, J. (dissenting). As the prevailing opinion states, the issue of law is: Does refusal of certification of a check by the drawee bank amount to dishonor of the instrument, as would refusal of acceptance of a bill of exchange, and give right to suit of the drawer for the avails?

Text writers and various opinions commenting *obiter* on the subject hold that all that a payee of a check has a right to demand is payment and that no promise of acceptance by certifying of the drawee is implied. Our Negotiable Instruments Law, however, would seem to have made a statutory rule to the contrary.

Sections 110 to 119, inclusive, of the Negotiable Instruments Law define the liabilities of all parties to negotiable instruments. Section 111 provides as to this matter: " The drawer by drawing the instrument admits the existence of the payee and his then capacity to indorse; and engages that on due presentment the instrument will be accepted and paid, or both, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it. But the drawer may insert in the instrument an express stipulation negativing or limiting his own liability to the holder." There are here no words of limitation in section 111 limiting or restricting the character of the instrument.

A check has all the characteristics and properties of a bill of exchange except that it is always payable on demand and is thus capable of acceptance or non-acceptance.

If non-acceptance be dishonor of a bill, then it constitutes dishonor of a check, because the paper is equally worthless in the latter case. The payee is as effectually deprived of the use of the funds to be paid by refusal of the lesser demand of acceptance as he would be by refusal of payment. Demand for payment then would be vain and useless. While the bank is under no obligation to certify, neither is it obligated to the payee to pay. He has no suit against

the bank, although the drawer has if the bank had its depositor's funds in sufficient sum to pay. The identity of nature of the bill and the check is formulated in section 321 of the Negotiable Instruments Law, which states: " A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this chapter applicable to a bill of exchange payable on demand apply to a check."

A bill is dishonored by non-acceptance when it is duly presented for acceptance and acceptance is refused or cannot be obtained. (Neg. Inst. Law, § 246.) And such bill so dishonored gives an immediate right of recourse against drawers and indorsers to the holder, and no presentment for payment is necessary. (Neg. Inst. Law, § 248.) If a check is a bill, and the language of the statute makes it such, no presentment for payment is necessary after refusal of the drawee to accept or certify. The allegation, therefore, of the complaint that acceptance or certification was refused was by the express terms of the statute sufficient and an allegation of presentment for payment and non-payment was not requisite.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

PROSKAUER, J., concurs.

Order affirmed, with ten dollars costs and disbursements, with leave to the plaintiff to service an amended complaint within ten days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.