The defendant drew the check in controversy, it was discounted by the plaintiff, and on the day it was due it was presented by plaintiff to the drawee, the Ocean Bank, for certification, was certified as good, and in the afternoon of the same day was presented for payment, which was refused, because between the time of its certificate and its second presentment the drawee, the Ocean Bank, had failed and gone into the hands of a receiver. Did this certification operate as a payment of the check as between these parties?
The theory of the law is, that where a check is certified to be good by a bank, the amount thereof is then charged to *Page 352 
the account of the drawer in the bank certificate account. Every well regulated bank adopts this practice to protect itself.
The reason therefor is so strong that the law presumes it is adopted by the banks. (Smith v. Miller, 43 N.Y., 171; Meads
v. The Merchants' Bk. of Albany, 25 id., 148; The Farmers' Mechanics' Bk. v. Butchers' Drovers' Bk., 16 id., 125;Merchants' Bk. v. State Bk., 10 Wall., 647.) It is found to have been done in this case.
If a bank failed to keep such account and to make such entries, it would necessarily incur the peril of the failure of its customers whose checks it certified, without any account of their number or amount, although it would be liable to pay its certified checks to bona fide holders, whether it had funds or not. (Farmers' Mech. Bk. v. Butchers' Drovers' Bk.,supra.)
It follows that, after a check is certified, the drawer of the check cannot draw out the funds then in the bank necessary to meet the certified check. That money is no longer his.
If he apprehended danger from the suspected failure of the bank, he could not draw out that money, because it had already been appropriated by means of the check thus certified; as to him, it was precisely as if the bank had paid the money upon that check instead of making a certificate of its being good.
For that reason, the drawer could have no remedy against the bank, by any legal proceeding, to secure himself for the amount of that check. Hence, if the drawer should get the check back, he would strictly be entitled to get that money, not by virtue of his original deposit, but solely by surrender of the certified check, like any other holder.
But all that has been yet stated applies with equal force to the acceptance of a time bill of exchange before due. Then, when the drawee accepts, it is an appropriation of the funds, protanto, for the service and use of the payee or other person holding the bill, so that the amount ceases henceforth to be the money of the drawer, and becomes that of the payee or *Page 353 
other holder in the hands of the acceptor. (Story on Bills of Ex., § 14; 1 Pars. on Notes and Bills, 323.)
It is entirely clear that the acceptance of a time draft, before due, does not operate as a payment as respects the drawer. Its only effect is to make the acceptor the primary party to pay the draft.
But the parties to a certified check, due when certified, occupy a different position. There the money is due and payable when the check is certified. The bank virtually says that check is good; we have the money of the drawer here ready to pay it. We will pay it now, if you will receive it. The holder says no, I will not take the money; you may certify the check and retain the money for me until this check is presented.
The law will not permit a check, when due, to be thus presented and the money to be left with the bank for the accommodation of the holder, without discharging the drawer.
The money being due and the check presented, it is his own fault if the holder declines to receive the pay, and for his own convenience has the money appropriated to that check, subject to its future presentment at any time within the statute of limitations.
The acceptance of a time draft before due is entirely different; there the holder has then no right to the money, and the acceptor no authority to pay until the maturity of the bill. There is no necessity for presenting a check for acceptance, like a time bill, no authority for such presentment, although the holder has the right to do it. The authority and the duty are to present for payment.
If, however, the holder choose to have it certified instead of paid, he will do so at the peril of discharging the drawer.
He cannot change the position and increase the risk of the drawer without discharging him. (Smith v. Miller, supra.)
This would not discharge the drawer of a check, who himself procured it to be certified and then put it in circulation. The reason of the rule fails to apply to him in such case.
I am not aware of any direct authority upon this question; *Page 354 
but upon principle it must be held that the bank holds the money, after certification to the holder, not at the risk of the drawer, but of the holder of the check.
The judgment must be affirmed.
All concur.
Judgment affirmed.