Smith, J.
The question which was argued to us in this case, was sought to be raised by an assignment of error that the judgment of the court of common pleas was against the law and the evidence, and that the motion for a new trial based on that 'ground was improperly overruled by the court. But the bill of exceptions which was taken fails to allege that it contains all of the evidence which was presented to the trial court. Substantially the same question, however, is presented by the assignment of error, that the court improperly overruled the demurrer which was filed by the plaintiff in error, to the amended petition of the Lafayette Bank, the plaintiff below.
The question is this — -where the drawer of a check on a bank, causes the same to be certified as good by the bank upon which it is drawn, and afterwards delivers it to another, in exchange for a legal demand upon himself, is he liable to the holder thereof where pa.yment of such check has been duly demanded of the bank, and the drawer notified of its nonpayment?
We think it clear, both on reason and authority, that he is.
In the first place, it is the general rule of the law, that where one person gives his check to another for a claim existing against himself, that it is a conditional payment only, unless there be a special agreement that it is received as an absolute payment, and where demand is duly made on the bank, and notice of non-payment given to the drawer, he is liable as such.
It is also the law, as we understand it, that where the person who receives such a check, instead of presenting it for payment and receiving the money thereon, causes it to be certified by the bank upon which it is drawn', and retains it as a claim or demand upon such bank, or puts it into circulation, the drawer in such case will be discharged. And this we suppose is upon the ground that there is substantially a *137 new contract between the holder of the check, and the bank upon which it is drawn, whereby the bank absolutely agrees to be liable to the holder of the check for the amount thereof, and the holder agrees to look to the bank instead of the drawer of the check for payment of it. It would be manifestly unjust, where the holder of the check has the opportunity to receive the money therefor, but choses instead, to receive the guaranty of the bank, that he should still look to the drawer for payment.
But no such reason or rule of law applies to a case where the drawer, before the check leaves his possession, causes it to be' certified as good. It is a means adopted by him to satisfy those into whose hands it may come, that the drawer has funds in the bank appropriated to the payment of the same. But we see nothing in the fact that such a certified check is simply received by the holder, of it, which would discharge the drawer from liability thereon, if proper demand was made on the bank, and due notice given to him of non-payment. In such case there is no arrangement between the holder of the check and the bank on which it was drawn, either express or implied, that he is to look to the bank alone, and no act is done by the holder to discharge the drawer from ■ responsibility thereon. The person so receiving it has an additional security for its payment, furnished by the drawer himself, and the latter has no right to complain when he is looked to for its payment, if the holder has been diligent in its presentation and has duly .notified the drawer of its non-payment. Such we think is the clear result of the authorities. See Morse on Banks and Banking, 3rd ed., sec. 414, 415 & 416; 52 N. Y. 350; 42 Ill. 238; 43 Ill. 497; 82 N Y. 1. The remark of Mr. Justice Hunt in the decision of the case in 94 U. S. 343. (4 Otto), that the rule is the same whether the certification was the act of the drawer or of the drawee, was obiter dictum. The question was not involved in that ease, and no reason is given therefor, and no authority cited in support thereof. (
The court did not err in overruling the motion of defendant below to tax the costs of the case to the plaintiff below, on the filing of the amended petition. We think the amended petiteon set up the sanie cause of action as the original, and that *138 the plaintiff should not have been compelled to pay all of the costs up to that time, or that the surety on the appeal bond should have been released. The judgment of the common pleas will be affirmed, with costs.
W. W. Symnies, attorney for plaintiff in error.
F. V Andrews, and Healey & Brannan, attorneys for defendant in error.