WILLIAM MINOT, JR. *vs.* AUGUSTUS RUSS.
CHARLES HEAD & others *vs.* HENRY HORNBLOWER
& another.

Suffolk.    March 4, 7, 1892. — June 20, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, & LATHROP, JJ.

*Certified Check — Liability of Drawer.*

If the drawer in his own behalf, or for his own benefit, gets his check certified and then delivers it to the payee, the drawer is not discharged; but if the payee or holder in his own behalf, or for his own benefit, gets it certified instead of getting it paid, then the drawer is discharged.

FIELD, C. J.    The first case is an appeal from a judgment rendered by the Superior Court for the defendant, on his demurrer to the declaration.    The defendant, on October 29, 1891, drew a check on the Maverick National Bank, payable to the order of the plaintiff, and, being informed by the plaintiff that the check must be certified by the bank before it would be received, the defendant on the same day presented the check to the bank for certification, and the bank certified it by writing on the face of the check the following: "Maverick National Bank.    Pay only through Clearing-House.    J. W. Work, Cashier.    A. C. J., Paying Teller."    After it was certified, the check was, on Saturday, October 31, 1891, delivered by the defendant to the plaintiffs, for a valuable consideration. The declaration alleges that the bank stopped payment on Monday morning, November 2, 1891, "before the commencement of business hours on said day," and that on that day payment was duly demanded of the bank, and notice of non-payment was duly given to the defendant.

The second case is an appeal from a judgment rendered for the defendants by the Superior Court, on an agreed statement of facts.    On Saturday, October 31, 1891, the defendants drew their check on the Maverick National Bank, payable to the order of the plaintiffs, and delivered it to them in payment of stocks bought by the defendants of the plaintiffs.    The check was received too late to be deposited by the plaintiffs for collection

in season to be carried to the clearing-house on that day, but during banking hours on that day the plaintiffs presented the check to the Maverick National Bank for certification, and the bank certified it by writing or stamping on its face the following: " Maverick National Bank. Certified. Pay only through Clearing-House. C. C. Domett, A. Cashier. ——, Paying Teller."

At that time the defendants had on deposit sufficient funds to pay the check, and the bank on certification charged to the defendant's account the amount of the check, and credited it to a ledger account called certified checks, in accordance with their uniform custom. After certification, the plaintiffs, on the same day, deposited the check in the Hamilton National Bank for collection. It is agreed that if the check had been presented for payment on Saturday, in banking hours, it would have been paid ; but the Maverick National Bank transacted no business after Saturday, and on Sunday the Comptroller of the Currency placed a national bank examiner in charge, and the bank was put into the hands of a receiver. The clearing-house on November 2 refused to receive checks on the Maverick National Bank, and the check was on that day duly presented for payment, and due notice of non-payment was given to the defendants.

Each of the checks was in the ordinary form of checks on a bank, and was payable on demand, and no presentment for acceptance or certification was necessary. In a sense, undoubtedly, a check is a species of bill of exchange, and in a sense also it is a distinct commercial instrument; but according to the general understanding of merchants, and according to our statutes, these instruments were checks, and not bills of exchange. " A check is an order to pay the holder a sum of money at the bank, on presentment of the check and demand of the money ; no previous notice is necessary, no acceptance is required or expected, it has no days of grace. It is payable on presentment and not before." *Bullard* v. *Randall*, 1 Gray, 605, 606. The duty of the bank was to pay these checks when they were presented for payment, if the drawers had sufficient funds on deposit. The bank owed no duty to the drawers to certify the checks, although it could certify them if it saw fit, at the request of either the drawers or the holders,

and if it certified them it became bound directly to the holders, or to the persons who should become the holders. In either case, the bank would charge to the account of the drawer the amount of the check, because by certification it had become absolutely liable to pay the check when presented. When a check payable to another person than the drawer is presented by the drawer to the bank for certification, the bank knows that it has not been negotiated, and that it is not presented for payment, but that the drawer wishes the obligation of the bank to pay it to the holder when it is negotiated, in addition to his own obligation. But when the payee or holder of a check presents it for certification, the bank knows that this is done for the convenience or security of the holder. The holder could demand payment if he chose, and it is only because, instead of payment, the holder desires certification, that the bank certifies the check instead of paying it. In one case the bank certifies the check for the use or convenience of the drawer, and in the other for the use or convenience of the holder. In the present cases the checks were seasonably presented to the bank for payment, and on the facts stated the defendants would be liable unless the certification discharged them from liability.

It is argued that the certification of a check, whereby the bank becomes absolutely liable to pay it at any time on demand, discharges the drawer, because it is said that the check then becomes in effect a certificate of deposit; and it is also argued that the certification is in effect only an acceptance of a bill of exchange, and that if payment is duly demanded of the bank and refused, and notice of non-payment duly given, the drawer is held. So far as the question has been considered, it has been decided that the certification of a bank check is not, in all respects, like the making of a certificate of deposit, or the acceptance of a bill of exchange, but that it is a thing *sui generis*, and that the effect of it depends upon the person who, in his own behalf, or for his own benefit, induces the bank to certify the check. The weight of authority is, that if the drawer in his own behalf, or for his own benefit, gets his check certified, and then delivers it to the payee, the drawer is not discharged; but that if the payee or holder, in his own behalf or for his own benefit, gets it certified instead of getting it paid, then the drawer is discharged.

*Born* v. *First National Bank,* 123 Ind. 78.    *Rounds* v. *Smith,* 42 Ill. 245.    *Brown* v. *Leckie,* 43 Ill. 497.    *Andrews* v. *German National Bank,* 9 Heisk. 211.    *First National Bank* v. *Leach,* 52 N. Y. 350.    *Boyd* v. *Nasmith,* 17 Ont. 40.    *Essex County National Bank* v. *Bank of Montreal,* 7 Biss. 193.    *First National Bank* v. *Whitman,* 94 U. S. 343, 345.    *Metropolitan National Bank* v. *Jones,* 27 N. E. Rep. 533.    *Continental National Bank* v. *Cornhauser,* 37 Ill. App. 475.    *National Commercial Bank* v. *Miller,* 77 Ala. 168.    *Larsen* v. *Breene,* 12 Col. 480. *Mutual National Bank* v. *Rotge,* 28 La. An. 933.    Morse on Banking, §§ 414, 415.    We are of opinion that this view of the law rests on sound reasons.    If it be true that the existing methods of doing business make the use of certified checks necessary, the persons who receive them can always require them to be certified before delivery.    If they receive them uncertified and then present them to the bank for certification instead of payment, the certification should be considered as discharging the drawer.

It may also be said, that in the second case the certification amounted to an extension of the time of payment at the request of the payees, without the consent of the drawers.    Before the certification the drawers could have requested the payees to present the check for payment on Saturday; or could themselves have drawn out the money and paid the check.    After certification the amount of the check no longer stood to the credit of the drawers, and the payees had accepted an obligation of the bank to pay only through the clearing-house, which could not happen before the following Monday.    The result is that in the first case the judgment is reversed, and the demurrer overruled, and in the second case the judgment is affirmed.

*So ordered.*

*F. Brewster,* for the plaintiff in the first case.

*F. R. Jones,* for the defendant in the first case.

*W. C. Loring,* for the plaintiffs in the second case.

*C. A. Williams,* for the defendants in the second case.