JOHN J. FELIN & COMPANY, INCORPORATED, Appellant, *v.* ANGELO PETIX, Respondent.

(Supreme Court, Appellate Term, First Department, December, 1917.)

Negotiable instruments — bills, notes and checks — obligations of subsequent indorsers.

> While by the certification of a check the drawer and all prior indorsers are released, such certification does not affect the obligations of subsequent indorsers to their indorsee.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of the defendant.

William A. Reynolds (Chas. J. Katzenstein, of counsel), for appellant.

Charles Novello, for respondent.

GUY, J.    The plaintiff appeals from a judgment dismissing the complaint in an action brought by the indorsee of a certified check against the last indorser thereof.    The bank on which the check was drawn refused payment because of a question concerning the signature of the payee.    The only point of law involved in this case is:    Does the certification of a check by the bank on which it is drawn merely release the maker and all prior indorsers, or also release indorsers subsequent to the certification?    The court ruled that a check once certified could pass from hand to hand, and the bank alone would be liable, thus discharging indorsers who indorsed subsequently to the certification.    The rule seems to be that while the maker and all prior indorsers are released by certification of a check (See *First Nat.*

*Bank of Jersey City* v. *Leach*, 52 N. Y. 350) such certification cannot affect the obligations assumed by subquent indorsers to their indorsee.

Section 115 of the Negotiable Instruments Law provides: '' Every person negotiating an instrument by delivery or by a qualified indorsement, warrants: (1) That the instrument is genuine and in all respects what it purports to be; (2) That he has a good title to it; (3) That all prior parties had capacity to contract.''

Section 116 of the act provides that every indorser who indorses without qualification warrants to all subquent holders in due course the matters above set forth as contained in section 115, and that the instrument is at the time of his indorsement valid and subsisting, and in addition '' engages that on due presentment it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it.''

The provision of section 324 that '' Where the holder of a check procures it to be accepted or certified the drawer and all indorsers are discharged from liability thereon '' obviously applies to indorsers at the time of certification and cannot be deemed to operate as a release of a subsequent indorser from obligations assumed by him after the certification.

Judgment reversed, with thirty dollars costs, and judgment directed in favor of the plaintiff in the sum of sixty-five dollars, with interest thereon from the 7th day of February, 1917, and appropriate costs in the court below.

BIJUR and PHILBIN, JJ., concur.

Judgment reversed, with costs.