## LINSKY v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. July 7, 1925.)

No. 1824.

1. **Appeal and error ⬡997(3)—Both parties, moving for directed verdict, are concluded by finding of court, if sustained by any evidence.**

Where both parties move for a directed verdict, they are concluded by finding of court, if there is any evidence to sustain the finding.

2. **Bills and notes ⬡437—Drawer discharged of liability on check, where payee caused it to be certified by bank on which it was drawn.**

Drawer was discharged of liability on check given in payment of goods, in view of G. L. Mass. c. 107, §§ 210, 211, where payee caused check to be certified by bank on which it was drawn, which deducted and charged drawer's account with amount thereof and then closed its doors, and drawer lost any dividends to which he would have been entitled on amount of check.

In Error to District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Suit by the United States against Morris Linsky. Judgment for the United States, and defendant brings error. Reversed and remanded.

George F. Grimes, of Boston, Mass. (Edward M. Dangel, of Boston, Mass., on the brief), for plaintiff in error.

George R. Farnum, of Boston, Mass. (Harold P. Williams, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The facts in this case were not in dispute, and are as follows: Defendant gave an order for merchandise and a check for its price to the Board of Survey of the United States government on February 8, 1921. On February 10, 1921, the Board of Survey caused the check to be certified by the Tremont Trust Company, upon which it was drawn. On February 15, 1921, the goods for which the check was drawn were delivered, and on February 17, 1921, the Tremont Trust Company was closed at the end of that business day by order of the bank commissioner of the commonwealth of Massachusetts. The plaintiff deposited this check in the Federal Reserve Bank at Boston on the same day that the Tremont Trust Company was closed, and the following day the check was returned because of its closing. The defendant at all times had sufficient funds deposited in the Tremont Trust Company to cover this check, and upon its certification the Trust Company deducted and charged the defendant's account with the amount of the check. The defendant proved his claim against the Trust Company, but was refused any credit in his proof of claim on account of the said check, and in consequence thereof has lost any and all dividends declared by said Trust Company to which he would be entitled because of said check. The check has

always been retained by the plaintiff, and it has not in any way attempted to effect the collection of the said check, other than by this suit.

[1] The declaration contains two counts; one upon the check, and the other upon the debt for which the check was given. At the close of all the evidence, both the plaintiff and the defendant moved for a directed verdict. The court ordered a verdict for the plaintiff, and the defendant duly excepted. The refusal of the plaintiff's motion and the granting of the defendant's is assigned as error. As both parties moved for a directed verdict, they are concluded by the finding of the court, provided there is any evidence to sustain this finding. Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654; Williams v. Vreeland, 250 U. S. 295, 39 S. Ct. 438, 63 L. Ed. 989, 3 A. L. R. 1038.

As the facts were undisputed, the question presented for our determination is whether the trial court was right in his application of the law to them.

Under General Laws of Massachusetts, c. 107, §§ 210, 211, if the holder of a check procures it to be accepted or certified, the drawer and all indorsers are discharged from liability thereon.

In Minot v. Russ, 156 Mass. 458, 31 N. E. 489, 16 L. R. A. 510, 32 Am. St. Rep. 472, it was held that, if the drawer of a check gets it certified for his own benefit, and then delivers it to the payee, he is not discharged; but if the payee, for his own benefit, gets it certified, instead of getting it paid, then the drawer is discharged. In its opinion, at page 460 (31 N. E. 490), the court said:

"When a check payable to another person than the drawer is presented by the drawer to the bank for certification, the bank knows that it has not been negotiated, and that it is not presented for payment, but that the drawer wishes the obligation of the bank to pay it to the holder when it is negotiated, in addition to his own obligation. But when the payee or holder of a check presents it for certification, the bank knows that this is done for the convenience or security of the holder."

All of the decided cases are to the same effect. See 5 R. C. L. p. 525, and cases cited; Times Square Auto Co. v. Rutherford National Bank, 77 N. J. Law, 649, 73 A. 479, 134 Am. St. Rep. 811; Sutter v. Security Trust Co. (N. J. Err. & App.) 126 A. 435, 35 A. L. R. 943, and note; First National Bank v. Whitman, 94 U. S. 343, 345, 24 L. Ed. 229; Born v. Indianapolis First Nat. Bank, 123 Ind. 78, 24 N. E. 173,

7 L. R. A. 442, 18 Am. St. Rep. 312; Jersey City First Nat. Bank v. Leach, 52 N. Y. 350, 11 Am. Rep. 708; Cincinnati Oyster, etc. Co. v. Nat. Lafayette Bank, 51 Ohio St. 106, 36 N. E. 833, 46 Am. St. Rep. 560.

[2] Upon the record before us, there is nothing to take this case out of the operation of the law as stated in the authorities cited. The acceptance of the check by the Tremont Trust Company at the request of the payee, charging the same to the account of the drawer and retaining the funds, was equivalent to a redeposit of them by the payee. Times Square Auto Co. v. Rutherford Nat. Bank, supra.

The debt for which the check was given was therefore extinguished, and there could be no recovery, either upon the check or upon a count for the value of the goods.

The judgment of the District Court is reversed, with costs to the plaintiff in error in this court, and the case is returned to the District Court for further action, not inconsistent with this opinion.