NATIONAL RESERVE BANK OF THE CITY OF NEW YORK v. CORN EXCHANGE BANK.

(Supreme Court, Appellate Division, First Department. February 11, 1916.)

1. BANKS AND BANKING ⊚⇒149—RAISED CHECK—CERTIFICATION BY DRAWEE BANK—PAYMENT—RECOVERY.

Where plaintiff bank's depositor drew a check for $8.12, which was raised by the payee to $1,800.12, and was certified on presentation to plaintiff, and thereafter the payee deposited it in defendant bank, receiving credit for the amount, which he subsequently checked out, the check being returned to plaintiff, which paid the amount thereof to defendant, plaintiff was entitled to recover the amount of the check as money paid by mistake.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 229; Dec. Dig. ⊚⇒149.]

2. BANKS AND BANKING ⊚⇒145—CERTIFYING RAISED CHECK—WARRANTY.

Under Negotiable Instruments Law (Consol. Laws, c. 38) § 323, providing that the certification of a check by the drawee bank is an acceptance, and under the general rule of law, a bank certifying a check in the usual form affirms only the genuineness of the drawer's signature, and that he has funds on deposit to meet the check, which funds will not be permitted to be withdrawn to the prejudice of the holder, but does not warrant the genuineness of the body of the check.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 205, 230–232, 234; Dec. Dig. ⊚⇒145.]

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. BANKS AND BANKING ☞149—CERTIFYING RAISED CHECK—NEGLIGENCE—WARRANTY.

   Where plaintiff bank of deposit certified in usual form a check drawn by a depositor, which had been raised by the payee, who thereupon deposited it in defendant bank, obtaining credit for the raised amount and checking it out, and plaintiff bank thereafter paid the amount of the raised check to defendant bank, it was not a defense to plaintiff's suit to recover the amount as money paid by mistake that plaintiff was negligent in failing to detect the fact that the check was raised when it was presented for certification, and that defendant was misled by such negligence into accepting the check at its face value, since the opportunity for discovering the forgery was equally open to defendant, and plaintiff's certification did not amount to a warranty in law of the genuineness of the body of the check upon which defendant might rely.

   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 229; Dec. Dig. ☞149.]

Appeal from Trial Term, New York County.

Action by the National Reserve Bank of the City of New York against Corn Exchange Bank. Judgment for defendant, and motion for new trial denied. Plaintiff appeals. Reversed, and judgment directed in favor of plaintiff.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

E. H. Sykes, of New York City, for appellant.
W. H. Van Benschoten, of New York City, for respondent.

SCOTT, J. The action is for money paid under a mistake of fact. On May 13, 1913, the firm of Charles A. Stoneham & Co., which was a depositor in plaintiff bank, drew its check on said bank to the order of Frederick Mullhundred for the sum or $8.12. Mullhundred, by methods known to forgers, altered the check so that it appeared to be for the sum of $1,800.12, and in that condition presented it to plaintiff bank for certification. Plaintiff stamped upon the face of the check its acceptance payable at another bank, this constituting a certification. Mullhundred then opened an account in defendant bank, depositing the raised check, for which he received credit. He subsequently drew out the whole amount. The check was returned to plaintiff bank, which paid the amount thereof to defendant. Upon discovery of the forgery, plaintiff demanded repayment, and, this having been refused, the present action ensued.

[1] It is not questioned that, unless there be something in the present case to take it out of the general rule, the plaintiff is entitled to recover. As was said in a somewhat similar case:

"The right of a bank, certifying a check erroneously, to bring an action to recover back moneys paid upon the certified check, as moneys paid by mistake, as a general proposition, is not questioned. If there was nothing more of the case than that fact, the plaintiff's right of recovery would be undoubted." Continental Bank v. Tradesmen's Bank, 173 N. Y. 272–278, 65 N. E. 1108, 1110.

[2] Nor is it claimed that the certification of the check by plaintiff involved, as matter of law, an affirmation or representation that it was

in all respects genuine. It is settled by statute, as well as by authority, that a bank in certifying a check in the usual form does no more than to affirm the genuineness of the signature of the drawer, and that he has funds on deposit to meet it, and that the funds will not be permitted to be withdrawn, to the prejudice of the holder of the check. But a bank by its certification does not warrant the genuineness of the body of the check. Negotiable Instruments Law, § 323; Continental Nat. Bank v. Tradesmen's Bank, supra.

[3] The defendant, not questioning the rules of law above stated, insists that plaintiff was guilty of negligence in not having detected the fact that the check had been raised, when it was presented for certification, and that by reason of such negligence it (the defendant) was misled into accepting the check at its face value. As to this it is sufficient to say that the opportunity for discovering the forgery was as open to the defendant as to the plaintiff, and that, inasmuch as plaintiff's certification did not in law amount to a warranty of the genuineness of the body of the check, the defendant had no right to rely upon it as such a warranty. The cases upon which defendant relies are so clearly distinguishable from the case at bar that it is unnecessary to discuss them.

Plaintiff calls our attention to several errors in the charge, which undoubtedly contributed to the result of the trial, and which would in any case call for a reversal. We do not dwell upon these, however, because we are of opinion that upon the undisputed facts the plaintiff was entitled to the direction of a verdict in its favor.

The judgment and order appealed from are therefore reversed, and judgment directed in favor of the plaintiff for the amount claimed, with costs in this court and the court below. The finding of the jury that the plaintiff was guilty of negligence to the detriment of defendant is reversed. Order filed. All concur.