Jacob Markowitz, J.
Motion to dismiss defenses. The first cause of action is one by a depositor against a bank for charging his account with $15,231.50 in connection with a check drawn by plaintiff for $231.50 and subsequently altered without plaintiff’s knowledge or consent. The name of the payee is also claimed to have been changed from Francis 0. Carr to Francis C. Carretta, without plaintiff’s knowledge or consent.
The defenses, one complete and the other partial, allege that: ‘ ‘ Plaintiff failed and neglected to exercise ordinary care in preparing and issuing the check * * * in that plaintiff prepared and issued said check in such manner that insertions and alterations could thereafter be made without such checks presenting any evidence of or indication of insertion or alteration” (italics supplied).
*562 The words 1 ‘ in that ’ ’ indicate that the only negligence claimed is that plaintiff did not prepare and issue the check in such a way that it was impossible to alter it without presenting evidence of such alteration. It is settled that a drawer of a check is under no such onerous duty. ‘1 While the drawer of a check may be liable where he draws the instrument in such an incomplete state as to facilitate or to invite fraudulent alteration, it is not the law that he is bound so to prepare the check that
nobody else can successfully tamper with it ” (Critten v. Chemical Nat. Bank, 171 N. Y. 219, 224). In National Exch. Bank v. Lester (194 N. Y. 461) the fact that there were spaces in a note in which it was possible “ to insert words and figures which will enlarge the amount and still leave the note apparently a genuine instrument ” was held insufficient to charge the maker with negligence. In Gutfreund v. East Riv. Nat. Bank (251 N. Y. 58) the court said (pp. 63-64) “ ‘ The mere fact that the [check] is drawn with spaces such that a forger can utilize them for the purpose of forgeryis not by itself any violation of [the depositor’s] obligation.’ * * * But when the name of the payee is left blank, or partly blank, forgery is not a remote but a natural consequence ” (italics supplied). The name of the payee in that check was not complete. The bookkeeper had inserted only the name “ Swift ” and was to add “ & Co.” after plaintiff had signed the check. Instead, he completed the check to read “ C. Swift ”.
In the absence of allegations that the check in the case at bar, as delivered by plaintiff, had blank or partly,blank spaces-which facilitated the alteration, the defenses are insufficient. Where a negotiable instrument is materially altered without the consent of the drawer or maker, it is wholly void (Negotiable Instruments Law, § 205).
Accordingly, the allegations of the defense and partial defense are wholly conclusory and contain no factual allegations of negligence which would bring the defense within the ambit of the rule as it presently exists. If plaintiff has been negligent in any respect other than those which have been indicated in the defendant’s brief, appropriate factual allegation thereof is presently lacking. The motion is granted dismissing the defenses, with leave to the defendant to serve an amended answer within 10 days from service of a copy of this order with notice of entry thereof.