Thomas P. Fabley, J.
Motion by plaintiff for summary judgment under CPLR 3213 in the sum of $1,600 or for partial summary judgment in the sum of $16, and cross motion by the defendant for judgment dismissing the action.
The unusual facts of this case give rise to the application of law that is rarely invoked. A check in the amount of $16, made payable to the plaintiff, was presented to the defendant bank for certification either by the depositor or by an accomplice of the depositor. The bank’s certification stamp did not show the amount for which the check was certified, and, after the certification was procured, the amount was altered to read $1,600. The check was then presented to the plaintiff in payment of merchandise by a customer who represented the instrument was given to him by his employer as a bonus. The customer, on the previous day, had ordered the merchandise and stated he would secure from his employer a certified check drawn directly to the plaintiff to pay the balance owing. The plaintiff, upon consulting the telephone directory, found the name, address, and phone number given by the person corresponded with a listing in the directory. The check, upon presentment to the bank for payment, was not honored, due to the alteration.
The fraudulent scheme perpetrated in this case was obviously made possible by the knowledge that the certification stamp of the defendant bank would not disclose the amount for which the check was certified. The plaintiff claims the negligence of the bank in this respect caused the loss and that the bank is estopped from asserting the defense of alteration, under section 3-406 of the Uniform Commercial Code. The plaintiff also points to the practice of at least one bank that follows a policy of showing the amount for which an instrument is certified. Whether or not this practice is a custom that prevails in banking circles cannot be determined from the evidence presented and that question appears immaterial to the issues raised, in view of the provision of the code that appears to control the disposition of this case (see Uniform Commercial Code, §§ 3-413; 3-417, subd. [1], par. [c], cl. [iv], § 4-207, subd. [1], par. [c], cl. [iv]).
Section 3-406 of the code relied on by the plaintiff states: “ Any person who by his negligence substantially contributes to a material alteration of the instrument * * * is precluded from asserting the alteration * * * against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with reasonable commercial standards of the drawee’s or payor’s business.”
*195 This section represents a ratification of the English rule pronounced in Young v. Grote (4 Bing. 253; 130 Eng. Rep. 764) which was contrary to New York law as it existed prior to the adoption of the code (National Exch. Bank v. Lester, 194 N. Y. 461; Moore v. First Nat. City Bank of N. Y., 26 Misc 2d 561). In the opinion of the court, however, the provisions of section 3-406 have no application in this case.
A bank, when certifying a check, does no more than to affirm the genuineness of the signature of the maker, that he has funds on deposit to meet the item, and that the funds will not be withdrawn to the prejudice of the holder (Continental Nat. Bank of N. Y. v. Tradesmen’s Nat. Bank of N. Y., 173 N. Y. 272; National Reserve Bank of City of N. Y. v. Corn Exch. Bank, 171 App. Div. 195, 196). The certification constitutes an acceptance of the check to this extent (Uniform Commercial Code, § 3-411), but the bank by its certification does not guarantee the body thereof (Continental Nat. Bank of N. Y. v. Tradesmen’s Nat. Bank of N. Y., supra), and engages only to pay the item according to its tenor at the time certification is procured (Uniform Commercial Code, § 3-413). Furthermore, a holder of a check, by having it certified, is deemed to have warranted to the bank that the instrument has not been materially altered (Uniform Commercial Code, § 3-417, subd. [1], par. [c]; see, also, § 4-207, subd. [1], par. [c]). The code makes one exception to this rule by providing that the same warranty is not given by a holder in due course whether the alteration is made before or after certification (Uniform Commercial Code, § 3-417, subd. [1], par. [c], cls. [iii], [iv] ; § 3-413). Consequently, under the code, where a check is certified after the amount has been altered, the bank runs the risk of sustaining the loss if the instrument passes into the hands of a holder in due course. The code in this respect changes the law which previously obtained in New York (National Reserve Bank of City of N. Y. v. Corn Exch. Bank, supra).
The rule, however, is otherwise where the certification of the check is procured by the maker. In such case, the bank does not incur the risk of an alteration prior to its acceptance, and only agrees to pay the instrument according to its tenor at the time of certification even as to a holder in due course (Uniform Commercial Code, § 3-413, subd. [1]).
The evidence in this case does not disclose whether the maker or his accomplice procured certification of the check, but the controlling fact that alteration occurred after certification of the instrument is not disputed. The bank, in checking its records, *196 discovered the alteration and refused payment. Under these circumstances, the negligence of the bank, if any, is not a substantial or proximate cause of the loss, and in accordance with the rules mentioned above, it is not liable to the plaintiff except for the amount for which the check was originally drawn.
The alternative request of plaintiff’s motion is granted, and defendant’s cross motion is granted to the extent of dismissing plaintiff’s action insofar as it seeks recovery in excess of $16.