Frederick J. **BROWER**, Plaintiff,

v.

**FRANKLIN NATIONAL BANK**, a Successor in Interest to the Federation Bank & Trust Company, Defendant.

No. 68 Civ. 2172.

United States District Court,
S. D. New York.

April 6, 1970.

As Modified April 29, 1970.

Joseph I. Stone, New York City, for plaintiff.

Rathheim, Hoffman, Kassel & Silverman, New York City, for defendant.

WYATT, District Judge.

This is a motion by defendant Franklin National Bank, a successor in interest to the Federation Bank & Trust Company (the Bank) for summary judgment in its favor (Fed.R.Civ.P. 56(b)). For reasons to be given, the motion must be denied.

■ The complaint asserts that there is diversity of citizenship. It is averred that "at all times hereinafter stated, plaintiff was a resident of the State of New Jersey and the defendant is a corporation organized and existing under and by virtue of the laws of the State of New York". This is not a proper averment of diversity of citizenship since a person may easily be a resident of New Jersey yet a citizen of New York and a corporation may be organized in New York but have its principal place of business in New Jersey. It seems reasonable to assume, however, that diversity exists and that there is jurisdiction under 28 U.S.C. § 1332.

The complaint, filed May 27, 1968, avers that in July 1967 one Anthony Ricci maintained a checking account at the Bank's branch on Williamsbridge Road in the Bronx; that on July 12, 1967 Anthony drew two checks on the Bank in the amounts of $8 and $10 payable to the plaintiff Frederick J. Brower (Frederick) and procured the Bank's certification of those checks; that Anthony subsequently raised the checks from $8 to $28,600 and from $10 to $10,000 and delivered them to Frederick in payment for real property in New Jersey; that the Bank refused to honor the checks because they had been "raised"; that the Bank was negligent in certifying the checks, among other things, because when certified they contained blank spaces and could easily be raised. Frederick claims damages of $75,000.

It may be noted that the complaint purports to plead a claim based on negligence of the Bank in certifying the checks under circumstances which made it easy

to raise them thereafter and thus to cause them to be passed off to plaintiff in their altered form. The claim ought to be treated, however, as in legal theory based on the Bank's certifications but governed by New York Uniform Commercial Code § 3–406: "Any person who by his negligence substantially contributes to a material alteration of the instrument * * * is precluded from asserting the alteration * * * against a holder in due course * * *". It may be noted that plaintiff does not sue simply for the amounts of the two checks as raised, $38,600, but rather for $75,000 averring other damages, such as dishonor of his own checks, impairment of "credit standing", etc.

Defendant, in its answer, raised two defenses: lack of diversity jurisdiction (no evidence in support has been offered and the point is not pressed) and failure to state a claim upon which relief can be granted.

Discovery has been concluded and a note of issue was filed September 15, 1969. No demand for jury trial has been made by either side.

Apart from damages, there is no dispute as to any material fact. The facts are as follows:

On July 12, 1967, Anthony presented two checks, numbered 139 and 140, to the Bank for certification. "Every item" (apparently the date, payee's name, drawer's name and the amount) in both checks was filled out. Number 139 was in the amount of $10; number 140 in the amount of $8. Both were payable to "Mr. F. Brower". The checks were certified by the Assistant Manager of the Bank. The certification stamp does not show the amount for which the checks were certified.

Check number 139 was raised after certification apparently by Anthony from $10 to $10,000 and deposited by Frederick in the Plainfield Trust State National Bank, Plainfield, New Jersey. Check number 140 was likewise raised after certification from $8 to $28,600 and deposited in the National Bank of New Jersey, bearing the endorsements of "Mr. F. Brower" and "Edward A. Ryan". Both checks were presented to the Bank on July 19, 1967 and were returned unpaid, because the checks had been altered as to amount. Neither check has been paid and this action was commenced to secure payment.

Before adoption of the Uniform Commercial Code (U.C.C.) effective in 1964, the law of New York appears to have been clear that a bank certifying a check was not liable on its certification for an altered amount of the check, whether alteration took place after or before certification. Continental Nat. Bank v. Tradesmen's Bank, 173 N.Y. 272, 278, 65 N.E. 1108 (1903); Clews v. Bank of New York etc., 89 N.Y. 418, 422 (1882); National Reserve Bank v. Corn Exchange Bank, 171 App.Div. 195, 157 N.Y.S. 316 (1st Dept. 1916).

Under the U.C.C. this rule is changed and the certifying bank is liable on its certification where the alteration was *before* certification. The engagement in certifying is now to pay the check "according to its tenor at the time of his engagement". U.C.C. § 3–413(1). If alteration (raising) occurs *after* certification, the certifying bank is not bound by its certification to pay the instrument as raised.

As to *negligence*, at common law it was believed, on the authority of Young v. Grote, 4 Bing. 253 (1827), that a *drawer* who negligently drew a check in such a way as to make it easy to raise the check was responsible to a drawee who paid the raised check in good faith.

It was sought in a leading English case to extend this rule to the acceptor. Just as here, a check was drawn for 500 £. with spaces left so that it could be raised to 3,500 £. As originally drawn, it was presented and certified (accepted); thereafter it was raised to 3,500 1. as planned and negotiated to a holder in due course. It was said as against the acceptor that the acceptance was negligent because the check was in such form that alteration (raising) was made easy and was a likely result. The House of

Lords refused to sanction an action against an acceptor for negligence because there is no duty on an acceptor to take precautions against a possible alteration. Scholfield v. Earl of Londesborough, (1896) A.C. 514.

The plain words of the Uniform Commercial Code § 3–406 seem clearly to change the old rule and to authorize this action. "Any person who by his negligence substantially contributes to a material alteration of the instrument * * * is precluded from asserting the alteration * * * against a holder in due course * * *." U.C.C. § 3–406.

 The certifying bank would certainly seem to be included in the words 'any person'. Under the averments of the complaint, plaintiff should be given an opportunity to show at trial that he is 'a holder in due course'.

Plaintiff therefore is entitled to a trial of the issues (a) whether or not he is 'a holder in due course', and if he is such a holder, (b) whether defendant was or was not guilty of negligence when it certified these checks and if it was negligent (c) whether or not such negligence substantially contributed to the raising of the checks.

There are lower court decisions in New York which reach a contrary result. Sam Goody, Inc. v. Franklin Nat. Bank, 57 Misc.2d 193, 291 N.Y.S.2d 429 (Sup. Ct.Nassau Cty.1968); Wallach Sons, Inc. v. Bankers Trust Co., 307 N.Y.S.2d 297 (Civ.Ct. New York Cty. 1970). After carefully reading the opinions in these two cases and with great deference to the two distinguished judges who wrote them, I cannot accept their result and feel that the Court of Appeals of New York would not reach their result.

It is, of course, true that the plaintiff is here in form suing in tort whereas his claim is more properly on the certification. The effect of negligence and its substantial contribution to the raising, if proved, is not to give rise to a tort claim but to preclude the Bank "from asserting the alteration". The Bank would not appear to be liable in any event for more than the amount of the checks as altered. See Official Comment 5, McKinney's U.C.C. § 3–406, page 263. However, the form of pleading adopted by plaintiff would not justify dismissing his action.

The motion is denied.

So ordered.